HALLYBURTON vs. ROBINSON & CARY.

In a declaration upon a writing obligatory by an assignee, the allegation that the payee assigned the writing obligatory to the plaintiff for value received, which said assignment is now to the Court here shown, imports, *ex vi termini,* a delivery of the bond sued on.

It is not necessary under the statute, (*Digest, chap.* 126, *secs.* 81, 82,) that the bond sued on be filed in Court when judgment is rendered,—it is sufficient if it be then produced.

*Appeal from Arkansas Circuit Court.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

GARLAND, for the appellant.

Delivery is necessary to vest a full legal title to a note in the assignee (*Dig., p.* 161), and he acquires such title by full *assignment and delivery.* 2 *Ark.* 4; 4 *Ark.* 535; 5 *Ark.* 649. Assignment alone without delivery does not vest title. 2 *Eng.* 376, 475; 3 *Ib.* 459; 17 *Ark.* 96.

Before judgment can be taken the note must be filed. *Dig., p.* 809, *secs.* 81, 82; *Johnson vs. Frank,* 16 *Ark.* 199; *Witt et al. vs. State,* 14 *Ark.* 173; *Wallace vs. Henry,* 5 *Ark.* 105.

WILLIAMS & WILLIAMS, for appellee.

The demurrer is not well taken. The word *assignment, ex vi t r nini,* imports delivery. See *Fcimster vs. Smith,* 5 *Eng.* 494.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Robinson & Cary, partners, etc., brought an action of debt in the Circuit Court of Arkansas county, on a writing obligatory.

The declaration alleged:

" That the defendant, on the 31st day of January, 1856, at, etc., by his certain writing obligatory of that date, etc., now shown to the Court here, promised that he the said defendant would, on or before the 25th day of December next, which period has now elapsed, pay to one E. D. Drumgoole the sum of $429 15, above demanded, for value received: and the said E. D. Drumgoole, afterwards to-wit: on the 19th day of January, A. D. 1857, and before the payment of the same, *assigned* the said writing obligatory to one John P. Drumgoole, for value received, and the said John P. Drumgoole, afterwards, to-wit: on the 23d day of January, 1837, and before the payment of the same, by his abbreviated style of J. P. Drumgoole, *assigned* the said writing obligatory to the said plaintiffs, by their firm and style of Robinson & Cary, for value received, which said several *assignments* are now to *the Court here shown,* by means whereof, and by force of the statute in such case made and provided, an action hath accrued to the said plaintiffs," etc., etc.

The defendant demurred to the declaration on the ground that it averred that the bond sued on was assigned to the plaintiffs, but did not aver a delivery thereof to them.

The judgment of the Court is as follows:

" Now on this day come the said plaintiffs, by T. & C. C. Farrelly, their attorneys, and the said defendant filed herein his demurrer, whereupon the Court, having heard argument of attorneys on both sides, and being advised of the law, overruled said demurrer, and the defendant excepted to said opinion, and stands upon his demurrer; and the defendant saying nothing

further in bar or preclusion of said plaintiffs' demand; and it appearing to the satisfaction of the Court here, that the plaintiffs' demand is liquidated and reduced to certainty, being founded on a writing obligatory, for the sum of four hundred and twenty-nine dollars and fifteen cents: It is, therefore, considered by the Court here that said plaintiffs have and recover from the said defendant the said sum of $429 15, for their debt, and the sum of $21 29 for their damages, by reason of the premises in the declaration mentioned, together with all the costs of suit," etc.

The defendant brought error

1. The term *assignment*, in the connection in which it was used in the declaration, *ex vi termini*, imported a delivery of the bond sued on, that being an element of the assignment alleged, as plainly decided by this Court in *Feimster vs. Smith*, 5 *Eng*. 494.

2. The second error assigned is, that it does not appear that the bond sued on was filed in Court when the judgment was taken. This the statute does not require, *Dig., chap*: 126, *secs*. 81, 82; nor do the cases cited by the plaintiff in error so hold. (*Wallace vs. Henry*, 5 *Ark*. 105; *Witt et al. vs. State*, 14 *Ib*, 173; *Johnson vs. Frank*, 16 *Ib*. 199.) It is plainly inferable from the record entry, above copied, that the bond was produced in Court when the judgment was rendered, which was sufficient.

If it had been filed, it would not, merely by the filing, have become part of the record.

The judgment is affirmed.